UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   11-CV-02676-WYD-CBS

RESON LEE WOODS and SHAUN K. WOODS,
Plaintiffs,

v.

THE FIRST NATIONAL BANK OF DURANGO,
a chartered National Bank;
BANKNOTE CAPITAL, L.L.C.,
an Illinois Corporation; and
TONY DIASIO, individually,
Defendants.

## PROTECTIVE ORDER FOR EXCHANGE OF DOCUMENTS OR TESTIMONY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants, acting through their undersigned counsel, stipulate and agree effective upon the entry of the approval of the Court ("Order"), as follows:

1. **Purpose.** This Order is being entered to facilitate the production, exchange and discovery of information in the form of documents or testimony ("Documents" or "Testimony") which one or more parties believe merit Confidential treatment as set forth herein. All information produced in discovery in this action shall be used solely for purposes of this litigation, regardless of whether it has been designated as Confidential.

2. **Definitions.** As used herein:

   a. "Confidential Information" shall mean all information contained or disclosed in Documents and Testimony which has been designated as Confidential under this Order by a party acting under a good faith belief that the designated Confidential information discloses trade secrets, proprietary business information, competitively sensitive information or

other information, the disclosure of which would be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

      b.    "Documents" shall include all forms of written information produced through discovery, including electronically stored information produced in any format as well as information being disclosed through inspections, answers to interrogatories or requests for admission.

      c.    "Producing Party" shall mean the party or parties producing any discovery containing or disclosing Confidential Information.

      d.    "Receiving party" shall mean the party or parties receiving Confidential Information in connection with any discovery.

      3.    **Designating "CONFIDENTIAL" Documents.** A Producing Party may, at the time of the production of any Document that it believes in good faith contains or discloses its Confidential Information, designate all such Documents as "CONFIDENTIAL," either by a notation on the document or by a statement sufficient to specifically identify the specific documents as to which a claim of Confidential Information is being made. A Receiving Party may, within 5 business days after the production of any Document that it believes in good faith contains or discloses its Confidential Information, designate all such Documents as "CONFIDENTIAL," either by a notation on the document or by a statement sufficient to specifically identify the specific documents as to which a claim of Confidential Information is being made.

      4.    **Designating "CONFIDENTIAL" Testimony.** This Stipulation shall not preclude the use during any deposition in this action any Confidential Information. Any court reporter and witness who is given access to Confidential Information at a deposition shall be

given a copy of this Stipulation by any counsel seeking to protect any information as confidential and requested to abide by its terms. If any Document designated as "CONFIDENTIAL" prior to the taking of a deposition is used as an exhibit at a deposition, all portions of the transcript containing testimony about the information disclosed in that Document shall be deemed "CONFIDENTIAL" without any further designation by any party. In addition, any party, no later than 10 business days of the record becoming available or 15 days of the taking of any deposition, that it believes in good faith contains or discloses any of its Confidential Information, may designate appropriate portions of the transcript as "CONFIDENTIAL," either by a statement on the record of the deposition or by a communication to all parties specifically identifying the confidential portions of the transcript. .

5. **Disputing Designations.** Any party may, within 10 business days of receiving a designation of confidentiality hereunder, may notify the designating party that the designation is disputed. If the designating party does not agree to remove the "CONFIDENTIAL" designation, the objecting party may, after meeting and conferring, move the Court for an order altering the status of the Document or Testimony. Blanket designations of Documents or transcripts made by a designating party without an attempt to separate Confidential Information from non-Confidential Information shall be deemed unreasonable conduct by the designating party. Until any such motion is granted, the information designated as "CONFIDENTIAL" shall continue to be treated as Confidential Information.

6. **Use of Confidential Information.** Except with the prior written consent of the designating party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a.  personnel of a party actually engaged in assisting in the preparation of this action who have been advised of their obligations hereunder and have agreed to be bound by this Order;

b.  counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action, are under the supervision or control of such counsel and who have been advised by such counsel of their obligations hereunder and have agreed to be bound by this Order;

c.  expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d.  the Court and court personnel, if filed in accordance with paragraph 12 hereof;

e.  an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

f.  trial and deposition witnesses, if furnished, shown or disclosed in accordance herewith; and

g.  any other person agreed to by the parties.

h.  Should the need arise for any of the parties to disclose Confidential information during any hearing or trial before the Court, including through argument or the

presentation of evidence, the party seeking to disclose the information shall initiate a discussion with the other party to seek an agreement as to whether, or the manner in which, the confidentiality of such Confidential information should or can be appropriately preserved if the parties cannot agree, the party seeking to disclose the information shall move the Court for assistance.

7. **Expert Agreement.** Before any disclosure of Confidential information is made to an expert witness or Consultant pursuant to paragraph 6(c) hereof, counsel for the Receiving party shall obtain the expert's written agreement in, the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other part(ies) at the first time that the expert is disclosed as a potential witness or thereafter upon request.

8. **Court Filings.** A party who seeks to file with the Court any pleadings, briefs, exhibits or other materials containing or disclosing Confidential Information, including any such materials which paraphrase such Confidential information, shall file the material in the manner generally allowed by the Court for such material or else in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of all the parties. Violation hereof may be regarded as contempt of the Court."

9. **Persons Receiving Confidential Information.** Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

10. **No Waiver.** The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action. This stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission to the admissibility in evidence of any facts or document revealed in the course of disclosure.

11. **Binding Effect.** This Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that any party may seek the written permission of the designating party or further order of the Court with respect to dissolution or modification of the Order. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions hereof, shall be returned to the Producing party or shall be destroyed at the option of the Producing party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents and that such physical objects and document have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may

retain one copy of documents constituting work product, a copy of pleadings, motion, papers, discovery responses deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

12. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: 1-2-13

THOMPSON BROWNLEE, LLC
/s/
Cheryl A. Thompson, Atty. Reg. No. 39597
P.O. Box 992
Frisco, CO 80443
Telephone: (970) 668-5809
cheryl@thompsonbrowlee.com

MOUNTAIN LAW GROUP, LLC
/s/
Daniel J. Lowenberg, Atty. Reg. No. 37262
121 North Park Ave.
Montrose, CO 81401
Telephone: (970) 240-9366
dlowenberg@mountainlawgroup.com
*Attorneys for Plaintiffs Reson Lee Woods and Shaun K. Woods*

MAYNES, BRADFORD, SHIPPS & SHEFTEL, LLP
/s/
John Barlow Spear
Shay L. Denning
835 East Second Avenue, Suite 123
Durango, Colorado 81301
Telephone: (970) 247-1755
jspear@mbssllp.com
sdenning@mbssllp.com

LAW OFFICES OF LELAND HUTCHINSON
/s/
Leland W. Hutchinson
3800 N. Lake Shore Dr., Suite 5E
Chicago, Illinois 60613
Telephone: (312) 543 3517
lwhutch@gmail.com
*Attorneys for Defendants The First National Bank of Durango, Tony Diasio and BankNote Capital Corp.*

So Ordered:

January 10, 2013 , ~~2012~~

*[signature]*