IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02676-WYD-CBS

RESON LEE WOODS and
SHAUN K. WOODS,

Plaintiffs,

v.

THE FIRST NATIONAL BANK OF DURANGO, a chartered National Bank;
BANKNOTE CAPITAL CORPORATION, an Illinois Corporation; and
TONY DIASIO, an individual,

Defendants.

---

# FINAL JUDGMENT

---

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order, filed on September 26, 2013, by the Honorable Wiley Y. Daniel, Senior United States District Judge, and incorporated herein by reference as if fully set forth, it is hereby

ORDERED that the parties' Stipulated Motion To Dismiss Defendants Tony Diasio And Banknote Capital Corporation With Prejudice [ECF Doc. No. 106] is **GRANTED**, and defendants, Banknote Capital Corporation and Tony Diasio, are **DISMISSED WITH PREJUDICE** from this action. Each party bears its own attorney fees and costs.

THIS MATTER came before the Court and a jury of ten duly sworn to try the matter on August 3, 2015, the Honorable Wiley Y. Daniel, Senior United States District Judge, presiding. On August 3, 2015, Plaintiffs withdrew their Deceptive Trade

Practices claim. On August 7, 2015, Plaintiffs withdrew their Tortious Interference with Prospective Business Relations and Tortious Interference with Contractual Relations claims. On August 7, 2015, the Court granted Defendant's oral motion under Rule 50 as to Plaintiffs' outrageous conduct claim. On August 11, 2015, the jury returned its verdict as follows:

**Verdict Form**

SECTION I. EQUAL CREDIT OPPORTUNITY ACT ("ECOA")

1. Did the Plaintiffs submit to the Defendant a completed application for credit seeking the permanent/take-out loan? (Yes or No)

ANSWER: YES

2. Did the Defendant take an adverse action? (Yes or No)

ANSWER: YES

3. Did the Defendant fail to notify the Plaintiffs in writing within 30 days of receiving a completed credit application of its decision not to make the permanent/take-out loan? (Yes or No)

ANSWER: NO

If you answered "No," to Question 1, 2, or 3, skip Question 4 and proceed to the note before Section II. If you answered "Yes," to Questions 1, 2, and 3, proceed to Question 4.

4. State your answers to the following questions relating to the Plaintiffs' damages that were caused by the Defendant in relation to the ECOA:

a. What is the total amount of the Plaintiffs' actual damages? Actual

damages are those damages described in Instruction 21. You should answer "0" if you determine there were none.

If you determine that the Defendant has proved its affirmative defense of failure to mitigate by a preponderance of the evidence, you shall determine the amount of damages caused by the Plaintiffs' failure to take such reasonable steps. This amount must not be included in your award of damages. The considerations for the affirmative defense of failure to mitigate are described in Instruction 51.

ANSWER: $__________

b. What is the total amount of the Plaintiffs' punitive damages? Punitive damages are those damages described in Instruction 22. You should answer "0" if you determine there were none.

ANSWER: $__________

Note: In regard to the Fraud, Negligent Misrepresentation, Breach of Contract, and Promissory Estoppel claims, you may award the Plaintiffs damages only once for the same damages if you find for the Plaintiffs on more than one of these claims for relief.

Proceed to Section II.

SECTION II. FRAUD

1. Did the Defendant make a false representation of a past or present fact? (Yes or No)

ANSWER: NO

2. Was the fact material? (Yes or No)

ANSWER: NO

3. At the time the representation was made, did the Defendant:

a. know the representation was false; or

b. was the Defendant aware that it did not know whether the representation was true or false? (Yes or No)

If you answered "Yes," to either Question 2(a) or 2(b), mark your answer to this question as "Yes." If you answered "No," to both Questions 2(a) and 2(b), mark your answer to this question as "No."

ANSWER: NO

4. Did the Defendant make the representation with the intent that the Plaintiffs would rely on the representation? (Yes or No)

ANSWER: NO

5. Did the Plaintiffs rely on the representation? (Yes or No)

ANSWER: NO

6. Was the Plaintiffs' reliance justified? (Yes or No)

ANSWER: NO

7. Did this reliance cause damages to the Plaintiffs? (Yes or No)

ANSWER: NO

If you answered "No," to Question 1, 2, 3, 4, 5, 6, or 7, skip Question 8 and proceed to Section III. If you answered "Yes," to Questions 1, 2, 3, 4, 5, 6, and 7, proceed to Question 8.

8. State your answer to the following question relating to the Plaintiffs' damages that were caused by the Defendant in regard to the Fraud claim. What is the total amount of the Plaintiffs' damages that were caused by the Defendant's fraud? The considerations for these damages are described in Instruction 30. You should answer "0" if you determine there were none.

If you determine that the Defendant has proved its affirmative defense of failure to mitigate by a preponderance of the evidence, you shall determine the amount of damages caused by the Plaintiffs' failure to take such reasonable steps. This amount must not be included in your award of damages. The considerations for the affirmative defense of failure to mitigate are described in Instruction 51.

ANSWER: $__________

SECTION III. NEGLIGENT MISREPRESENTATION

1. Did the Defendant give false information to the Plaintiffs? (Yes or No)

ANSWER: NO

2. Did the Defendant give such information to the Plaintiffs in the course of the Defendant's business? (Yes or No)

ANSWER: NO

3. Did the Defendant give the information to the Plaintiffs for the use of the Plaintiffs in a business transaction? (Yes or No)

ANSWER: NO

4. Was the Defendant negligent in obtaining or communicating the information? (Yes or No)

ANSWER: YES

5. Did the Defendant give the information with the intent or knowing that the Plaintiffs would act or decide not to act in reliance on the information? (Yes or No)

ANSWER: NO

6. Did the Plaintiffs rely on the information supplied by the Defendant? (Yes or No)

ANSWER: YES

7. Did this reliance on the information supplied by the Defendant cause damage to the Plaintiffs? (Yes or No)

ANSWER: YES

If you answered "No," to Question 1, 2, 3, 4, 5, 6, or 7, skip Questions 8 and 9, and proceed to Section IV. If you answered "Yes," to Questions 1, 2, 3, 4, 5, 6, and 7, proceed to Question 8.

8. Has the Defendant proved, by a preponderance of the evidence, its affirmative defense of waiver? The affirmative defense of waiver is described in Instruction 52. (Yes or No)

ANSWER: ___________

If you answered "No," to Question 8, proceed to Question 9. If you answered "Yes," to Question 8, skip Question 9 and proceed to Section IV.

9. State your answer to the following question relating to the Plaintiffs' damages

that were caused by the Defendant in regard to the Negligent Misrepresentation claim. What is the total amount of the Plaintiffs' damages that were caused by the Defendant's negligent misrepresentation? The considerations for these damages are described in Instruction 36. You should answer "0" if you determine there were none.

If you determine that the Defendant has proved its affirmative defense of failure to mitigate by a preponderance of the evidence, you shall determine the amount of damages caused by the Plaintiffs' failure to take such reasonable steps. This amount must not be included in your award of damages. The considerations for the affirmative defense of failure to mitigate are described in Instruction 51.

ANSWER: $__________

SECTION IV. BREACH OF CONTRACT

1. Did the Defendant enter into a contract with the Plaintiffs to make two loans, a construction loan and a permanent/take-out loan to pay off the construction loan? (Yes or No)

ANSWER: NO

2. Did the Defendant fail to make the permanent/take-out loan described in Exhibit 6? (Yes or No)

ANSWER: YES

3. Did the Plaintiffs substantially comply with their part of the contract? (Yes or No)

ANSWER: NO

If you answered "No," to Question 1, 2, or 3, skip Questions 4, 5, and 6, and

proceed to Section V. If you answered "Yes," to Questions 1, 2, and 3, proceed to Question 4.

4. Has the Defendant proved, by a preponderance of the evidence, its affirmative defense of waiver? The affirmative defense of waiver is described in Instruction 52.

(Yes or No)

ANSWER: __________

If you answered "Yes," to Question 4, skip Questions 5 and 6, and proceed to Section V. If you answered "No," to Question 4, proceed to Question 5.

5. State your answer to the following question relating to the Plaintiffs' damages that were caused by the Defendant in regard to the Breach of Contract claim. What is the total amount of the Plaintiffs' general damages? General damages are those damages described in Instruction 45. You should answer "0" if you determine there were none.

If you determine that the Defendant has proved its affirmative defense of failure to mitigate by a preponderance of the evidence, you shall determine the amount of damages caused by the Plaintiffs' failure to take such reasonable steps. This amount must not be included in your award of damages. The considerations for the affirmative defense of failure to mitigate are described in Instruction 51.

ANSWER: $__________

If you answered "$0," to Question 5, proceed to question 6. Otherwise, proceed to Section V.

6. What is the total amount of the Plaintiffs' nominal damages? Nominal damages are those damages described in Instruction 44. You should answer $1 if you find in favor of the Plaintiffs on the Breach of Contract claim, but do not award any general damages.

ANSWER: $__________

SECTION V. PROMISSORY ESTOPPEL

1. Did the Defendant make a clear and definite promise to the Plaintiffs? (Yes or No)

ANSWER: NO

2. Should the Defendant have reasonably expected the Plaintiffs to rely on the promise? (Yes or No)

ANSWER: NO

3. Did the Plaintiffs rely on the promise to their detriment? (Yes or No)

ANSWER: NO

If you answered "No," to Question 1, 2, or 3, stop and sign the Verdict Form. If you answered "Yes," to Questions 1, 2, and 3, proceed to Question 4.

4. State your answer to the following question relating to the Plaintiffs' damages that were caused by the Defendant in regard to the Promissory Estoppel claim. What is the total amount of the Plaintiffs' damages that were caused by the Plaintiffs' reliance on the Defendant's promise? The considerations for these damages are described in Instruction 47. You should answer "0" if you determine there were none.

If you determine that the Defendant has proved its affirmative defense of failure

to mitigate by a preponderance of the evidence, you shall determine the amount of damages caused by the Plaintiffs' failure to take such reasonable steps. This amount must not be included in your award of damages. The considerations for the affirmative defense of failure to mitigate are described in Instruction 51.

ANSWER: $__________

PLEASE SIGN AND DATE THE VERDICT FORM ON THE NEXT PAGE

IT IS THEREFORE

ORDERED that judgment is hereby entered in favor of Defendant, the First National Bank of Durango, a chartered National Bank, and against Plaintiffs, Reson Lee Woods and Shaun K. Woods, on Plaintiffs' claims of Deceptive Trade Practices, Tortious Interference with Prospective Business Relations, Tortious Interference with Contractual Relations, the Equal Credit Opportunity Act (E.C.O.A.), Fraud, Negligent Misrepresentation, Breach of Contract, and Promissory Estoppel. It is further

ORDERED that plaintiff's complaint and action are dismissed with prejudice. It is further

ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen (14) days of entry of judgment, and pursuant to the procedures set forth in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED at Denver, Colorado this 13th day of August, 2015.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

*/s/ Robert R. Keech*
Robert R. Keech,
Deputy Clerk

APPROVED AS TO FORM:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE